Filed 1/15/16; pub. & mod. order 2/5/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SUSAN L. UECKER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DENNIS ZENTIL,<br><br>        Defendant and Respondent. | A143068<br><br>(Alameda County<br>Super. Ct. No. RG13694649) |

A bankruptcy trustee sued a former attorney of the debtor company, claiming he helped the managers of the debtor company perpetrate a fraud. The trial court granted the attorney's demurrer without leave to amend, finding the trustee's claims barred by the in pari delicto doctrine.[1] We affirm.

BACKGROUND

We assume the truth of the complaint's allegations. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).) MF '08 (the Company) was organized as a limited liability company in 2007. The Company's sole managing member was another limited liability company, whose sole members were Walter Ng and

---

[1] " 'The doctrine of *in pari delicto* dictates that when a participant in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed *in pari delicto*, and the law will aid neither, but rather, will leave them where it finds them.' " (*Casey v. U.S. Bank Nat. Assn* (2005) 127 Cal.App.4th 1138, 1143, fn. 1.)

1

Kelly Ng (the Managers). The Managers controlled and managed the Company. Defendant and respondent Dennis Zentil (Defendant) was one of the Company's lawyers.

The Company's stated purpose was to serve as an investment company making secured loans to real estate developers. However, the Managers in fact created the Company to perpetrate "a fraudulent scheme" by which the Company transferred the money invested in it to another entity controlled by the Managers. Defendant knew that the Managers intended to and did use the Company for this fraudulent purpose and, working with the Managers, helped the Company conceal the true nature of its asset transfers.

The Company was eventually rendered insolvent and its investors filed an involuntary bankruptcy petition. Appellant Susan L. Uecker was designated the liquidating bankruptcy trustee (Trustee) and granted the authority to pursue claims on behalf of the Company's bankruptcy trust. She subsequently filed this lawsuit against Defendant, alleging tort claims based on Defendant's involvement in the Company's fraud.[2] Defendant filed a demurrer on the ground that, inter alia, the Trustee's claims are barred by the in pari delicto doctrine. The trial court sustained the demurrer on this ground without leave to amend and dismissed the Trustee's complaint.

## DISCUSSION

"When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. . . . In addition, we give the complaint a reasonable interpretation, and read it in context. [Citation.] If the trial court has sustained the demurer, we determine whether the complaint states facts sufficient to state a cause of action. If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we

_____

[2] The complaint also alleged claims against other defendants, none of which are at issue in this appeal.

2

conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando, supra,* 31 Cal.4th at p. 1081.)

I. *In Pari Delicto and Bankruptcy Trustees*

The Trustee first argues that, assuming in pari delicto would bar the claims if asserted by the Company, the doctrine does not bar them when asserted by the bankruptcy trustee suing on behalf of the Company's bankruptcy estate. We disagree.

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658 (*Peregrine Funding*) rejected a similar argument. The court explained: "A bankruptcy trustee succeeds to claims held by the debtor 'as of the commencement' of bankruptcy. (11 U.S.C. § 541(a)(1).) Section 541 of the Bankruptcy Code thus requires that courts analyze defenses to claims asserted by a trustee as they existed at the commencement of bankruptcy, and later events (such as the ouster of a wrongdoer) may not be taken into account. [Citations.] In the context of an unclean hands defense, this means a bankruptcy trustee stands in the shoes of the debtor and may not use his status as an innocent successor to insulate the debtor from the consequences of its wrongdoing. [Citations.] [The debtor's] unclean conduct—i.e., its participation in the scheme that defrauded investors of millions—must therefore be considered without regard to the trustee's succession." (*Id*. at p. 680.)

The Trustee urges us to reject *Peregrine Funding*. She first argues the application of in pari delicto is a matter of state law, not federal law. The United States Supreme Court "ha[s] long recognized that the ' "basic federal rule" in bankruptcy is that state law governs the substance of claims, Congress having "generally left the determination of property rights in the assets of a bankrupt's estate to state law." ' " (*Travelers Casualty v. Pacific Gas* (2007) 549 U.S. 443, 450–451.) However, federal law determines *which assets* constitute the bankrupt's estate. "[11 U.S.C.] § 541 . . . delineates the scope of 'property of the estate.' " (*Begier v. I.R.S.* (1990) 496 U.S. 53, 59.) As explained by one federal court, "while federal law defines in broad fashion what property interests are included within the bankruptcy estate, state law determines the nature and existence of a

3

debtor's rights." (*In re Moffett* (4th Cir. 2004) 356 F.3d 518, 521; see also *In re O'Dowd* (3d Cir. 2000) 233 F.3d 197, 202 ["While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property."]; 2 Cowans, Bankruptcy Law and Practice (7th ed. 1998) § 9.2(b), p. 342 ["The question of what is 'property of the estate' is a federal question, but state law determines the nature and quantum of interest," fns. omitted].)

As *Peregrine Funding* noted, the Bankruptcy Code provides that a bankruptcy estate includes, with exceptions not relevant here, "all legal or equitable interests of the debtor in property *as of the commencement of the case*." (11 U.S.C. § 541, subd. (a)(1), italics added.)[3] Every federal circuit court of appeals to have considered the question has construed 11 U.S.C. § 541 to provide that the state law analysis of whether in pari delicto bars a claim asserted by a bankruptcy trustee must consider whether the defense would have barred the debtor's claim at the commencement of the bankruptcy case. As the Third Circuit Court of Appeals explained: "The plain language of section 541 . . . prevents courts from taking into account events that occur after the commencement of the bankruptcy case. As a result, we must evaluate the *in pari delicto* defense without regard to whether [a bankruptcy trustee] is an innocent successor." (*Official Committee v. R.F. Lafferty & Co.* (3d Cir. 2001) 267 F.3d 340, 357 (*R.F. Lafferty*).)[4]

---

[3] In its entirety, 11 U.S.C. § 541, subdivision (a)(1) provides: "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: [¶] (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

[4] See also *Nisselson v. Lernout* (1st Cir. 2006) 469 F.3d 143, 153 ["there is no 'innocent successor' exception available to a bankruptcy trustee in a case in which the defendant successfully could have mounted an in pari delicto defense against the debtor"]; *In re Derivium Capital LLC* (4th Cir. 2013) 716 F.3d 355, 367 ["to the extent that *in pari delicto* would have barred a debtor from bringing suit directly, it similarly bars a bankruptcy trustee—standing in the debtor's shoes—from bringing suit"]; *Peterson v. McGladrey & Pullen, LLP* (7th Cir. 2012) 676 F.3d 594, 597–598 [rejecting argument that in pari delicto defense does not apply "once a firm enters bankruptcy and a trustee is appointed"]; *Grassmueck v. American Shorthorn Ass'n* (8th Cir. 2005) 402 F.3d 833, 836

4

As the Trustee notes, we are not bound by these lower federal court opinions. (*Etcheverry v. Tri-Ag Service, Inc.* (2000) 22 Cal.4th 316, 320 (*Etcheverry*), disapproved on another ground as recognized in *Barrett v Rosenthal* (2006) 40 Cal.4th 33, 58, fn.18.) However, "they are persuasive and entitled to great weight," and "where the decisions of the lower federal courts on a federal question are 'both numerous and consistent,' we should hesitate to reject their authority." (*Etcheverry*, at pp. 320–321.) The Trustee has not persuaded us to reject these numerous and consistent federal circuit court decisions construing 11 U.S.C. § 541.[5]

The Trustee refers to legislative history supporting her construction of the statute. (See hist. notes, 11 U.S.C.A. (2004 ed) foll. § 541, p. 8 ["[A]s section 541(a)(1) clearly states, the estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case. To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate except to the extent that *defenses which are personal against the debtor are not effective against the estate*," italics added].) However, there is also contrary legislative history. (Hist. notes, 11 U.S.C.A. (2004 ed.) foll. § 541, p. 6 ["Though this paragraph [11 U.S.C. § 541(a)(1)] will include choses in action and claims by the debtor against others, it is not intended to

---

(*Grassmueck*) ["the equitable defense of *in pari delicto* is available in an action by a bankruptcy trustee against another party if the defense could have been raised against the debtor"]; *In re Hedged-Investments Associates, Inc.* (10th Cir. 1996) 84 F.3d 1281, 1285 ["to the extent [the bankruptcy trustee] must rely on 11 U.S.C. § 541 for his standing in this case, he may not use his status as trustee to insulate the [debtor] from the wrongdoing of [its sole owner]"]; *Official Com. of Unsecured Creditors v. Edwards* (11th Cir. 2006) 437 F.3d 1145, 1150 ["If a claim of [the debtor] would have been subject to the defense of *in pari delicto* at the commencement of the bankruptcy, then the same claim, when asserted by the trustee, is subject to the same affirmative defense."].) Some cases note trustees can assert causes of action pursuant to other provisions of the Bankruptcy Code, possibly with a different result. (See *In re Hedged-Investments Associates, Inc., supra,* 84 F.3d at p. 1285, fn. 6.) Here, however, the Trustee relies solely on 11 U.S.C. § 541.

[5] The Trustee cites one contrary federal decision by a federal bankruptcy court. (*In re Adelphia Communications Corp.* (Bankr. S.D.N.Y. 2007) 365 B.R. 24, 50–54.) This sole outlier does not negate the numerous and consistent federal circuit court of appeals decisions.

expand the debtor's rights against others more than they exist at the commencement of the case. For example, if the debtor has a claim that is barred at the time of the commencement of the case by the statute of limitations, then the trustee would not be able to pursue that claim, because he too would be barred. He could take no greater rights than the debtor himself had."].) The conflicting statements render the legislative history as a whole unhelpful. (See *Milner v. Department of Navy* (2011) 562 U.S. 562, 574 ["Legislative history, for those who take it into account, is meant to clear up ambiguity, not create it. [Citation.] When presented, on the one hand, with clear statutory language and, on the other, with dueling committee reports, we must choose the language."].)

The Trustee also relies on *F.D.I.C. v. O'Melveny & Myers* (9th Cir. 1995) 61 F.3d 17, in which the Ninth Circuit held, as a matter of California law, a receiver was not barred by equitable defenses that could have been raised against the bank. (*Id.* at p. 19.) The Trustee contends there is no material difference between receivers and bankruptcy trustees. However, several federal court of appeals—as well as *Peregrine Funding*— have held otherwise, explaining that "unlike bankruptcy trustees, receivers are not subject to the limits of section 541." (*R.F. Lafferty, supra,* 267 F.3d at p. 358; accord, *In re Derivium Capital LLC, supra,* 716 F.3d at p. 367 [distinguishing cases that "involved receivers who, unlike trustees, are not subject to Section 541"]; *In re Hedged-Investments Associates, Inc., supra,* 84 F.3d at p. 1285 ["bankruptcy law, apparently unlike the law of receivership, expressly prohibits [considering the innocent status of the trustee]", fn. omitted]; *Jones v. Wells Fargo Bank, N.A.* (5th Cir. 2012) 666 F.3d 955, 967 ["cases that have applied the *in pari delicto* doctrine against bankruptcy trustees . . . are plainly distinguishable [in a receivership case] because they rely upon Section 541(a) of the Bankruptcy Code, which limits the debtor estate to interests of the debtor 'as of the commencement of the case' "]; *Peregrine Funding, supra,* 133 Cal.App.4th at p. 680, fn. 14.) Again, the Trustee has not given us reason to reject the consistent analysis in these lower federal court decisions. (*Etcheverry, supra,* 22 Cal.4th at p. 321.)

6

The Trustee points to *Camerer v. California Sav. Etc. Bank* (1935) 4 Cal.2d 159, in which the California Supreme Court held, as a matter of state law, a receiver was not subject to an in pari delicto defense based on the wrongful conduct of the insolvent bank. (*Id.* at p. 170 ["[T]here are certain situations where the receiver is permitted to assert rights and defenses not available to the insolvent. Thus, it is held that although the insolvent debtor cannot set aside a transfer in fraud of his creditors, as he is *in pari delicto*, the receiver acting for the creditors may attack it."].) Of course, we are bound by *Camerer*'s holding with respect to the application of the in pari delicto defense. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) However, *Camerer* did not involve a claim asserted by a bankruptcy trustee. Under 11 U.S.C. § 541, we must analyze the application of California's in pari delicto defense by considering whether the defense could have been asserted if the claims were brought by the Company at the beginning of the bankruptcy case. *Camerer*'s discussion of innocent successors is not relevant to this analysis. For the same reason, we reject the Trustee's argument that, under California law, the application of in pari delicto to an innocent bankruptcy trustee is against public policy.

In sum, under 11 U.S.C. § 541, we must analyze the applicability of the in pari delicto defense by considering whether the defense would have been successful if asserted against the Company at the commencement of the bankruptcy case.

## II. *Civil Code 2306*

The Trustee argues in pari delicto should not bar her causes of action because the wrongful acts of the Managers should not be imputed to the Company. We disagree.

"It is settled California law that '[k]nowledge of an officer of a corporation within the scope of his duties is imputed to the corporation.' " (*Peregrine Funding, supra,* 133 Cal.App.4th at p. 679.) However, knowledge will not be imputed when an officer "collaborates with outsiders to defraud the corporation." (*Ibid.*; see also 3 Witkin, Summary of Cal. Law (10th ed. 2005) Agency, § 156, p. 200 ["Where an agent acts in a capacity adverse to the principal in the transaction, there is no reason to believe that the

agent will keep the principal properly informed, and ordinarily the notice will not be imputed."].)

This exception is in turn subject to an exception. If the principal was "owned" and " 'controlled by' " the agent, the agent's fraud "is properly imputed to [the principal]." (*Peregrine Funding, supra,* 133 Cal.App.4th at p. 679.) As explained in comments to the Restatement Third of Agency, "if the agent controls the principal's decision making, the principal is charged with notice of the agent's wrongdoing. This rule, often termed the 'sole actor doctrine,' treats principal and agent as one." (Rest.3d Agency, § 5.04, com. d, p. 399.)

The Trustee argues Civil Code section 2306 precludes application of the sole actor exception when the agent acts fraudulently. Civil Code section 2306 provides: "An agent can never have authority, either actual or ostensible, to do an act which is, and is known or suspected by the person with whom he deals, to be a fraud upon the principal." The statute has been construed to mean "where an officer of a corporation is openly using the corporation to obtain a benefit for himself and his cohorts in a transaction, in which the corporation will ultimately not benefit, the other parties to the transaction cannot later seek to hold the corporation liable for his actions." (*Saks v. Charity Mission Baptist Church* (2001) 90 Cal.App.4th 1116, 1121; see also *id.* at pp. 1138–1139.)

We do not agree with the Trustee's argument that the sole actor exception conflicts with Civil Code section 2306 when the agent acts fraudulently. Civil Code section 2306 limits an agent's authority to act for the principal. The sole actor exception applies when there is effectively no distinction between agent and principal: "the 'sole actor doctrine,' treats principal and agent as one." (Rest.3d Agency, § 5.04, com. d, p. 399.) As explained by a federal court, "The sole actor doctrine provides that 'where the principal and agent are one and the same,' the agent's knowledge is imputed to the principal despite the fact that the agent is acting adversely to the principal. [Citation.] Where the principal and agent are alter egos, there is no reason to apply an adverse interest exception to the normal rules imputing the agent's knowledge to the principal, because 'the party that should have been informed [of the fraudulent conduct] was the

8

agent itself albeit in its capacity as principal.' " (*Grassmueck, supra,* 402 F.3d at p. 838.) Civil Code section 2306 has no application where agent and principal are effectively one and the same.

III.  *Leave to Amend*

The Trustee next argues the trial court abused its discretion by denying leave to amend.  As plaintiff, the Trustee "has the burden of proving that an amendment would cure the defect."  (*Schifando, supra,* 31 Cal.4th at p. 1081.)  We conclude she has not met that burden.

The Trustee argues the complaint could be amended to allege that the Company's governing documents provide for the automatic removal of its manager for acting adversely to the Company.  She contends these facts could avoid application of the in pari delicto defense because "if the wrongdoer, even a wrongdoer in control, is subject to removal under the entity's governing documents, the sole actor rule is inapplicable."

The sole case she cites for this proposition is *Cobalt Multifamily Investors I, LLC v. Shapiro* (S.D.N.Y., July 15, 2009, 06 CIV. 6468) 2009 U.S. Dist. LEXIS 60481 (*Cobalt*), reconsideration granted on another point in *Cobalt Multifamily Investors I, LLC v. Shapiro* (S.D.N.Y 2012) 857 F.Supp.2d 419.)  *Cobalt* held where "a corporation has owners or managers who were innocent of the fraud and could have stopped the fraud if they had been aware of the it, the sole actor rule does not apply."  (*Id.* at p. *7.)  In that case, "the corporation is the principal, with 300 allegedly innocent shareholders, and the agents are the allegedly fraudulent managers."  (*Id.* at p. *9.)  The corporation's "managers did not have complete control over the corporation, because the shareholders had the authority to remove the managers."  (*Id.* at p. *10.)  Because "[t]he shareholders had the authority to stop the fraud," the sole actor exception did not apply.  (*Ibid.*)  *Cobalt* distinguished cases in which "there existed no persons or entities that could have stopped the fraud."  (*Ibid.*)  Another case cited by the Trustee similarly notes "the 'sole actor' exception should not apply if 'at least one decision-maker could have stopped the fraud' [citation] or 'where it has not been established that all relevant decisionmakers for the

9

corporation were engaged in the fraud.' " (*In re California TD Investments LLC* (Bankr. C.D. Cal. 2013) 489 B.R. 124, 132.)

Under these authorities, an allegation that a person or entity could have stopped the fraud can bar application of the sole actor exception. The Trustee has not claimed such an allegation could be pled in this case. It is not sufficient to allege that, *had there been* such a person or entity, the Managers could have been removed pursuant to the Company's governing documents. The Trustee has failed to demonstrate she can allege facts sufficient to avoid application of the in pari delicto defense.[6]

## DISPOSITION

The judgment is affirmed. Defendant shall recover his costs on appeal.

---

[6] Because we reject all of the Trustee's arguments on appeal, we need not decide Defendant's alternative arguments that collateral estoppel bars the Trustee's arguments and that the appeal should be dismissed. We accordingly deny as irrelevant Defendant's May 11, 2015 request for judicial notice of court records relating to these issues and the Trustee's June 1, 2015 request for judicial notice of additional such records. We grant Defendant's June 25, 2015 request for judicial notice of four unpublished federal court decisions. (See *Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 502, fn. 3 [granting request for judicial notice of unpublished federal decisions pursuant to Evid. Code, § 451, subd. (a)].)

10

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

**CERTIFIED FOR PARTIAL PUBLICATION**[*]


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA


FIRST APPELLATE DISTRICT


DIVISION FIVE


| | |
|---|---|
| SUSAN L. UECKER, | A143068 |
| Plaintiff and Appellant, | |
| v. | (Alameda County |
| | Super. Ct. No. RG13694649) |
| DENNIS ZENTIL, | |
| Defendant and Respondent. | **ORDER MODIFYING OPINION** |
| | **AND CERTIFYING OPINION FOR PARTIAL PUBLICATION** |
| | **[NO CHANGE IN JUDGMENT]** |

THE COURT:

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.

It is ordered that the published portion of the opinion filed herein on January 15, 2016, be modified as follows:

(1) Replace the first paragraph on page 1 with the following paragraph: "Bankruptcy trustee Susan L. Uecker (Trustee) sued a former attorney of the debtor company, claiming he helped the managers of the debtor company perpetrate a fraud. The trial court granted the attorney's demurrer without leave to amend, finding the Trustee's claims barred by the in pari delicto doctrine. Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP (2005) 133 Cal.App.4th 658 (Peregrine Funding) held that if this doctrine would have barred claims if asserted by a company prior to bankruptcy, the doctrine also bars them when asserted by the bankruptcy trustee suing on behalf of the company's bankruptcy estate. The Trustee urges us to reject Peregrine Funding and argues that, like a receiver, a bankruptcy trustee is not barred by equitable defenses that could have been raised against the debtor. The Trustee further contends that Civil Code section 2306 assists her efforts to defeat the in pari delicto defense. In the published portion of the opinion, we conclude Peregrine Funding was correctly decided and reject the Trustee's Civil Code section 2306 argument. In the unpublished portion, we affirm the trial court's denial of the Trustee's request for leave to amend. Having rejected each of the Trustee's arguments, we affirm."

(2) Replace the second sentence of the second full paragraph on page 2 with the following: "The Trustee was designated the liquidating bankruptcy trustee and granted the authority to pursue claims on behalf of the Company's bankruptcy trust."

(3) Replace the first sentence of the second full paragraph on page 3 with the following: "Peregrine Funding, supra, rejected a similar argument."

(4) Replace the citation at the end of the second full paragraph on page 3 with the following: "(Peregrine Funding, supra, 133 Cal.App.4th at p. 680.)"

13

(5) Replace the sentence before the citation at the end of the partial paragraph at the top of page 6 with the following: "Accordingly, the legislative history relied on by the Trustee does not persuade us to reject the numerous and consistent federal decisions construing 11 U.S.C. § 541."

There is no change in the judgment.

Dated: _____          _____, P.J.

Superior Court of Alameda County, No. RG13694649, George Hernandez, Judge.

Jeffer Mangels Butler & Mitchell, Bennett G. Young, Erin E. Daly, for Plaintiff and Appellant.

LeClairRyan, Charles H. Horn, Chistiane C. Kinney, Robert G Harrison, for Defendant and Respondent.